## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| **LANAE MATAYA JONES** | ) |
| | ) |
| | ) Civil Action No. 3: 18-cv-213 |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NATIONAL CREDIT SYSTEMS INC.** | ) |
| **and** | ) |
| **LAW OFFICE OF BRETT M. BORLAND, P.C.** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. This is an action for damages brought by Lanae Mataya Jones against Defendants National Credit Systems, Inc. and Law Office of Brett M. Borland, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Lanae Mataya Jones is an adult individual residing in New Albany, IN.

5. Defendant National Credit Systems, Inc. ("NCS") is a business entity that regularly conducts business in the District of Indiana with its principal offices located at 3750 Naturally Fresh Blvd., Atlanta, GA 30349. The principal purpose of the Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

6. Defendant Law Office of Brett M. Borland, P.C. ("Borland") is a business entity that regularly conducts business in the District of Indiana with its principal offices located at 2440 Sandy Plains Road, Building One, Suite 200, Marietta, GA 30066. The principal purpose of the Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendants were hired to collect a debt relating to an account that does not belong to the Plaintiff for a total amount of $5,344.20 (hereafter "the debt").

8. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

9. The debt at issue arose out of a defaulted lease between an individual, Almita Sanders, and the Courtyard Square Apartments (herein after "the lease"). During a portion of the lease period Plaintiff lived with Almita Sanders at the same address but was never listed as an occupant of the apartment and never signed the lease agreement.

10. The lease was defaulted on in the fall of 2016 and an eviction action was brought by Courtyard Square Apartments against Almita Sanders in the Circuit Court of Clark County Indiana. (case no. 10C03-1612-SC-001722). Plaintiff was not listed as a defendant in the action.

11. In January 2017 a Default Judgment and Order of Possession was entered by the Court against Almita Sanders in the amount of $2,018 plus interest. To date the Judgment has not been paid.

12. In or about November 2017 Courtyard Square Apartments hired the Law Office of Brett M. Boreland, P.C. to collect on the judgment debt.

13. At all pertinent times hereto, Plaintiff was not responsible for the debt.

14. Notwithstanding the above, on or about November 15, 2017, Defendant Borland sent Plaintiff a collection or dunning letter in an attempt to collect the debt at issue in the amount of $5,344.20.

15. In or around November 2017, Plaintiff contacted Defendant Borland and advised it that the debt did not belong to her.

16. In or around February and March 2018, Plaintiff again contacted Defendant Borland and advised it that the debt did not belong to her. During these conversations, Defendant Borland informed Plaintiff that she still needed to pay the alleged debt and that Borland would continue to collect on the alleged debt.

17. Additionally, Defendant NCS has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies when it knew or should have known that the debt did not belong to Plaintiff.

18. Defendants acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the debtor in connection with the collection of a debt.

19. Defendants engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass.

20. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

21. Defendants acted in a false, deceptive, misleading and unfair manner by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

22. Defendants acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

23. The debt negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

24. Defendants knew or should have known that their actions violated the FDCPA. Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

## COUNT I – NCS AND LAW OFFICE OF BRETT M. BORLAND
## VIOLATIONS OF THE FDCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(b), 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a)    Communicating with any person other than the consumer in connection with collection of the debt;

    (b)    Communicating with Plaintiff repeatedly or continuously with the intent to annoy, abuse, or harass.

    (c)    Falsely representing the character, amount, or legal status of a debt;

    (d)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false;

    (e)    Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

    (f)    Otherwise using unfair or unconscionable means to collect or attempt to collect any debt.

33. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

      (a) Statutory damages;

      (b) Actual damages;

      (c) Costs and reasonable attorney's fees; and;

      (d) Such other and further relief as may be just and proper.

Respectfully submitted,

By:   */s/ Larry P. Smith*
       Attorney for Plaintiff

Dated: <u>August 16, 2018</u>

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail: lsmith@smithmarco.com