# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| Lanae Mataya Jones,<br><br>　Plaintiff,<br><br>-vs-<br><br>National Credit Systems, Inc. and<br>Law Office of Brett M. Borland, P.C.,<br><br>　Defendants. | No. 3:18-cv-00213-RLY-MPB |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY

National Credit Systems, Inc. and the Law Office of Brett M. Borland, P.C., (together, "Defendants"), hereby respond to Plaintiff's Motion to Extend Fact Discovery, and in opposition thereto state as follows:

1) Defendants admit that a scheduling order was issued on March 11, 2019.

2) Defendants admit that fact discovery closed on September 5, 2019.

3) Defendants admit that the parties exchanged initial disclosures and written discovery. Defendants deny that there are any outstanding discovery disputes. Defendants further deny that there were any requests for depositions for which Defendants were unresponsive.

4) Defendants believe that it is unlikely that re-opening discovery will not alter any of the deadlines in this case, particularly because in requesting an extension for fact discovery, Plaintiff is also requesting an extension for dispositive motions. Because Plaintiff claims

that no other deadlines will be impacted by this request for an extension, it is also worth noting that the parties were ordered to file, on or before September 12, 2019 a statement of the claims and defenses they believe they can prove at trial signed under Fed. R. Civ. Proc. 11. Defendants filed a statement of the defenses that they believe they can prove at trial on September 12, 2019. *See* Dkt. 36. Interestingly, Plaintiff filed nothing - implying that they do not believe they can prove anything at trial. Similarly, when required to serve a statement of special damages, Plaintiff did not quantify her damages, either.

5) Defendants deny that there have been any productive settlement discussions in this case in a very long time, much less any recent productive settlement discussions. Simply put – this case needs to progress and settlement discussions are no longer an option for a means of progressing this case. Plaintiff's settlement demand has not changed in months, and Defendants have already given Plaintiff their top dollar – which has been denied. Therefore, this case must progress towards dispositive motions and/or trial. This sentiment has already been communicated to Plaintiff's counsel time and time again, yet she has sought an extension of the fact discovery period knowing that settlement was not likely, and knowing that Defendants opposed the same. Moreover, had Plaintiff desired to schedule depositions, she should have done so prior to the close of discovery, as they had ample time to do so and chose not to.

In conclusion, Defendants National Credit Systems, Inc., and the Law Offices of Brett M. Borland, PC. respectfully request that this Honorable Court hereby deny the Plaintiff's request to extend fact discovery, and for such other relief that this Honorable Court might otherwise grant, including dismissal of this case.

Respectfully submitted,


/s/ Katrina M. DeMarte
Katrina M. DeMarte (MI Bar No. P81476; CO Bar No. 43135)
**DEMARTE LAW, PLLC**
39555 Orchard Hill Place; PMB 6338
Novi, MI 48375
Tel. 313-509-7047                                                            September 19, 2019
katrina@demartelaw.com

## PROOF OF SERVICE

I, Katrina M. DeMarte, hereby certify that on September 19, 2019, I served Defendants' Response in Opposition to Motion to Extend Fact Discovery via ECF, upon any attorney of record for the Plaintiffs.

/s/ Katrina M. DeMarte