UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LANAE MATAYA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-cv-00213-RLY-MPB |
| ) | |
| NATIONAL CREDIT SYSTEMS INC., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EXTEND DISCOVERY DEADLINES**

This matter is before the Court on Plaintiff Lanae Mataya Jones's *Motion for Extension of Time to Extend Discovery Deadlines*. ([Docket No. 35](#)). Defendants National Credit Systems, Inc. and the Law Office of Brett M. Borland, P.C. filed a response in opposition. ([Docket No. 37](#)). The time period for a reply brief passed without filing; thus, this motion is ripe. For the reasons that follow Ms. Jones's request is **DENIED.**

On September 5, 2019, the day fact discovery was set to close, Ms. Jones requested that the fact discovery deadline be extended to November 4, 2019, and the dispositive motion deadline—currently November 5, 2019—be extended to January 4, 2020. ([Docket No. 35](#)). Ms. Jones indicated she would like additional time to "resolve any discovery disputes and take depositions of the parties." ([Docket No. 35 at ECF p. 1](#)). Ms. Jones also indicated that the parties had engaged in productive settlement negotiations and that the extension would allow the parties the opportunity to continue to engage in settlement negotiations without expending additional attorney fees or costs on discovery. ([Docket No. 35 at ECF pp. 1–2](#)). Defendants object and indicate that they are not aware of any outstanding discovery disputes nor any requests for depositions to which they had not responded. ([Docket No. 37 at ECF p. 1](#)). They also dispute Ms.

1

Jones's position on the settlement discussions. (*Id.*).

Southern District of Indiana Local Rule 6-1 sets forth the requirements for motions for extensions of time. It provides that if all parties are represented by counsel, the party requesting the extension must either: "(A) state that there is no objection to the extension; or (B) describe all attempts made to obtain an agreement to the extension and state whether opposing counsel objects to it." L.R. 6-1(a)(4). Plaintiff's counsel makes no reference regarding defense counsel's position regarding a request for a discovery deadline extension. Plaintiff's counsel also violates Local Rule 6-1(a)(5), which provides the request for an extension of time must "be filed at least three business days prior to the deadline absent extraordinary circumstances, or summary denial may result." Plaintiff's counsel does not provide any indication why she was unable to earlier request the extension of time that would constitute "extraordinary circumstances." L.R. 6-1(a)(5). A denial on this basis alone would be appropriate.

Moreover, Ms. Jones's request does not satisfy Fed. R. Civ. P. 6(b), which allows a district court to grant extensions of time prior to the expiration of a deadline for "good cause." Courts have broad discretion to set discovery deadlines, *see Blue v. Hartford Life & Accident Insurance Co.*, 698 F.3d 587, 593 (7th Cir. 2012), and "[a] schedule may be modified only for good cause and with the judge's consent," Fed R. Civ. P. 16(b)(4). A party's diligence must be considered in the good-cause analysis. *See Alioto v. Town of Libson*, 651 F.3d 715, 720 (7th Cir. 2011) ("'it seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or the lawyers who seek the change.'") (quoting 3 Moore's *Federal Practice* § 16.14[1][b], at 16-72 (3rd ed. 2010)). Ms. Jones merely indicates she would like to take depositions of the parties. She provides no justification for why she did not complete this discovery pursuant to the schedule set forth in the Case Management Plan. Thus, Ms. Jones fails to meet the good cause standard. *See GCIU Employer Retirement*

2

*Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 2003) ("[A] party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.") (citation and quotation omitted). Ms. Jones cites no reason (other than, presumably the requested extension to the discovery deadline) to extend the dispositive motion deadline. Thus, Ms. Jones also fails to meet the good cause standard as to extending that deadline.

Plaintiff's *Motion for Extension of Time to Extend Discovery Deadlines* (Docket No. 35) is **DENIED.**

**SO ORDERED.**

Dated: October 7, 2019

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record.